CRICHTON, J.,
additionally concurs and assigns reasons:
hi wholeheartedly agree with the majority opinion in this matter. I write separately, however, to touch upon what I believe to be an outrageous disregard for the sacred profession we, as well as respondent, have chosen. The majority aptly notes that holding a law license is a great privilege. As United States Supreme Court Justice Benjamin Cardozo, then Judge on the Court of Appeals of New York, also stated almost a century ago: “Membership in the bar is a privilege burdened with conditions.” In re Rouss, 221 N.Y. 81, 116 N.E. 782, 783 (1917). Those conditions are numerous, and do not come without great sacrifice. Respondent is an “ ‘officer of the court’ in the most compelling sense,”[1] as the majority so correctly finds, and consequently, she is held to a higher standard than a non-lawyer member of the public. She cannot confuse a First Amendment claim of the right to free speech with a serious and intentional viola *1090 tion of the Rules of Professional Conduct, which are rales that apply both to her and to every lawyer. Not only did her conduct cause major disruptions in the course of litigation, it also unnecessarily put members of the judiciary at risk.
But perhaps respondent’s most astounding and egregious action is her complete and utter lack of remorse, and defiance in the face of her impending sanction. At oral argument of this matter, respondent admitted she did “not have any remorse for [my] conduct” and that she would “continue to speak out and ^advocate for change.” It is unfortunate that respondent does not seem to understand that being a zealous advocate does not equate to such repugnant disrespect for the system we are charged to honor and serve. It is for these reasons I agree with the majority’s decision to impose the most serious of sanctions: disbarment.

. Gentile v. State Bar of Nevada, 501 U.S. 1030, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991) (internal citations omitted).